UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LUIS FARIAS VALENZUELA,

    Plaintiff,

v.                                              Case No. 6:20-cv-124-RBD-GJK

MEDICREDIT, INC.,

    Defendant.
_____

## ORDER

Before the Court are:

1. Defendants' Motion for Attorney Fees (Doc. 73 ("Motion"));

2. Plaintiff's Memorandum of Law in Response to Defendants' Motion for Attorney Fees (Doc. 84);

3. U.S. Magistrate Judge Gregory J. Kelly's Report and Recommendation (Doc. 85 ("R&R"));

4. Defendants' Objection to Report and Recommendation (Doc. 86 ("Objection")); and

5. Plaintiff's Memorandum of Law in Response to Defendants' Objections to Report and Recommendation (Doc. 87).

On *de novo* review, the R&R is due to be adopted.

## BACKGROUND

In this debt collection case, after the Court terminated former Defendant Central Florida Regional Hospital, Inc. ("CFRH") (Doc. 48)[1] and granted summary judgment in favor of remaining Defendant Medicredit, Inc. (Doc. 69), Defendants collectively moved for attorney's fees, arguing Plaintiff's case was frivolous. (Doc. 73.) Plaintiff responded. (Doc. 84.)

On referral, Judge Kelly recommended the Court deny Defendants' Motion, stating that there is no evidence that Plaintiff personally knew the debt at issue was not covered under the Fair Debt Collection Practices Act ("FDCPA") or that he filed suit for the purpose of harassment. (Doc. 85, pp. 5–7 (citing *Diaz v. First Marblehead Corp.*, 643 F. App'x 916, 925 (11th Cir. 2016)).) Judge Kelly further recommended that the Florida Consumer Collection Practices Act ("FCCPA") claims were not objectively frivolous, as Plaintiff was relying on a collection statement that contained both Plaintiff's and his company's names, making it not immediately clear whether Defendants were attempting to collect the company's debt from him personally. (*Id.* at 7–11.)

Defendants objected, arguing that *Diaz*, on which Judge Kelly relied, was

---

[1] The Court terminated CFRH on Plaintiff's Motion, as he sought to drop the party after learning in discovery he no longer had a viable claim against it. (Doc. 45.) The Court granted CFRH leave to move for fees after judgment on the claims against the remaining Defendant. (Doc. 48.)

incorrectly decided, so they need not show Plaintiff personally knew the case was based on a frivolous legal theory to get fees under the FDCPA. (Doc. 86, pp. 2–3.) Defendants further took issue with Judge Kelly's statement that they failed to prove Plaintiff knew Defendants were not trying to collect the debt from him personally when he filed suit—though they assert no new facts in support of this argument. (*Id.* at 4–5.) Plaintiff responded in support of Judge Kelly's R&R. (Doc. 87.) So the matter is ripe.

## STANDARDS

When a party objects to a magistrate judge's findings, the district judge must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district judge must consider the record independent of the magistrate judge's report. *See Ernest S. ex rel. Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

## ANALYSIS

After an independent *de novo* review of the record, including Defendants' Objection (Doc. 86), the Court agrees entirely with Judge Kelly's well-reasoned and thorough R&R. As to Defendants' argument on Plaintiff's knowledge (Doc. 86, pp. 4–5), this objection is a regurgitation of their earlier arguments (*see* Doc. 73,

3

pp. 10–12), so the Court need not reiterate Judge Kelly's recommendations on this point, with which the Court agrees.

Turning to Defendants' argument that the U.S. Court of Appeals for the Eleventh Circuit's unpublished decision in *Diaz* was incorrectly decided, they cite no authority in support of this proposition. (Doc. 86, p. 3.) Rather, they argue to require proof of a plaintiff's personal knowledge that a legal theory is frivolous would "essentially read out of the FDCPA the provision allowing an award of fees to a prevailing FDCPA defendant," asserting defendants will never be able to prove plaintiffs are personally complicit in frivolous claims because of the attorney/client privilege. (*Id.*) This argument is not well-taken.

The standard for obtaining attorney's fees under the FDCPA is necessarily high because it is a consumer protection statute. *See Montero-Hernandez v. Palisades Collection, LLC*, No. 6:12-cv-1736-Orl-22, 2014 WL 505119, at *5 (M.D. Fla. Feb. 7, 2014); *Black v. Equinox Fin. Mgmt. Sols., Inc.*, No. 1:05-CV-1588, 2007 WL 9700926, at *5 (N.D. Ga. Feb. 1, 2007). But it is not impossible to meet. For instance, courts *have* found bad faith personally on the part of plaintiffs who: signed verified complaints that contained boilerplate factual allegations not applicable to the claims at issue; explicitly contradicted verified claims in their later deposition testimony; altered evidence in support of their claims; refused to dismiss claims even once it was clear they had no factual basis; and posted public comments

about their intent to run up the defendant's legal bills. *See Tucker v. CBE Grp.*, 710 F. Supp. 2d 1301, 1306–07 (M.D. Fla. 2010); *Rhinehart v. CBE Grp.*, 714 F. Supp. 2d 1183, 1185–86 (M.D. Fla. 2010); *see also Gillis v. Deutsche Bank Tr. Co. Ams.*, No. 2:14-cv-418-FtM-38CM, 2016 WL 551765, at *3 (M.D. Fla. Jan. 26, 2016), *adopted*, 2016 WL 540300 (Feb. 11, 2016) (citing *Scroggin v. Credit Bureau of Jonesboro, Inc.*, 973 F. Supp. 2d 961, 967–79 (E.D. Ark. 2013), *aff'd*, 576 F. App'x 632 (8th Cir. 2014)).

So while courts can and do find personal bad faith on the part of plaintiffs, nothing close to that conduct is alleged here—especially given that the Complaint in this case was unverified (*see* Doc. 1-2). *See Benjumea v. Sys. & Servs. Techs., Inc.*, No. 1:19-CV-1330, 2020 WL 7379382, at *3 (N.D. Ga. Jan. 13, 2020) (declining to award fees in similar case "that began with an unverified complaint that was drafted by [counsel]"). Plaintiff's loss on summary judgment, without more, is not enough to justify fees. *See Burgos v. SunTrust Bank, N.A.*, No. 13-21197-Civ, 2020 WL 2299937, at *3 (S.D. Fla. Mar. 31, 2020), *adopted*, 2020 WL 2299936 (May 7, 2020). So under the totality of the circumstances, the Court agrees with Judge Kelly and declines to exercise its discretion to award fees. *See* 15 U.S.C. § 1692k(a)(3) ("On a finding by the court that an action under this section was brought in bad faith *and* for the purpose of harassment, the court *may* award to the defendant attorney's fees . . . ." (emphasis added)). So the R&R is due to be adopted in full.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED**:

1. Defendants' Objection (Doc. 86) is **OVERRULED**.

2. The R&R (Doc. 85) is **ADOPTED AND CONFIRMED** and made a part of this Order in its entirety.

3. Defendants' Motion (Doc. 73) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on May 3, 2021.

ROY B. DALTON JR.
United States District Judge